CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 30 2011

JULIA C. DOOLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |
|---|---|
| JIMMIE L. REAVES, | ) |
| Plaintiff, | ) Case No. 7:11cv00063 |
| v. | ) MEMORANDUM OPINION |
| MAJOR JACKSON, ET AL., | ) By: Glen E. Conrad |
| Defendants. | ) Chief United States District Judge |

Plaintiff Jimmie L. Reaves, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Reaves alleges that the defendants, officials at the New River Valley Regional Jail (NRVRJ), placed him in unconstitutional jail living conditions and failed to accommodate the exercise of his religious beliefs. Upon review of the record, the court finds that the complaint must be dismissed because it is clear from the face of Reaves' submissions that he filed this action before exhausting administrative remedies.

I

Plaintiff Reaves signed and dated his original complaint on February 8, 2011, naming jail employee Major Jackson as the defendant and alleging the following facts on which his claims are based. Reaves was sentenced to twelve months in prison on January 28, 2011 and was told that he would likely serve his time at the NRVRJ, rather than in a Virginia Department of Corrections (VDOC) prison facility. Reaves was assigned to a housing area where he was required to sleep on a mattress on the floor on black sheets. No education or rehabilitation programs were available to him, so he was unable to work toward his goals of obtaining substance abuse treatment and working

toward a college degree. The jail required him to purchase jail-issued underwear and socks, and after he wore these, along with other jail-issued clothing, he developed an infection on his private parts and a rash on his back and hands. He also had a headache from contaminated water. He was confined 24 hours per day, with one hour in the gym two days per week. If he qualified for a trusty position, he could move about the jail more, but would be paid nothing for his work.

As relief in his lawsuit, Reaves sought to obtain the privileges that a VDOC inmate would have, such as opportunities for education and rehabilitation and state-issued clothing. He also sought reimbursement for items the jail had required him to purchase. Finally, he sought an opportunity to possess his Holy Quran at the jail so that he could practice his religious beliefs.

The court filed Reaves' complaint conditionally and directed Reaves to submit information about his exhaustion of administrative remedies and to state his claims for relief clearly and completely in an amended complaint that would take the place of his initial complaint, alleging how each defendant had personally undertaken actions in violation of his constitutional rights. Reaves then submitted an amended complaint, drafted on a form designed to assist inmates in filing § 1983 actions. In this pleading, he alleges three numbered grounds for relief: (1) overcrowding and harsh living conditions; (2) denial of a Quran; and (3) denial of education and rehabilitation programs. Subsequently, Reaves also submitted numerous other documents, alleging additional factual details, offering supporting documentation, or asking to name new defendants and to bring additional claims.

II

A. **Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well established that this exhaustion requirement is mandatory, Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Failure to follow the required procedures of the prison's administrative remedy process or to exhaust all levels of administrative review is not "proper exhaustion" and will bar an inmate's § 1983 action. Woodford v. Ngo, 548 U.S. 81, 90 (2006). "[W]here failure to exhaust is apparent from the face" of plaintiff's submissions, the court may summarily dismiss the complaint on that ground. Anderson, 407 F.3d at 682.

The court finds it clear from the face of Reaves' submissions that he did not properly utilize the prison's grievance procedures as to any of his claims before filing this lawsuit. A question on the first page of the form on which Reaves drafted his amended complaint asks: "Have you filed a grievance about each of your claims and exhausted all levels of appeal available under the prison grievance procedure?" Under this question, Reaves checked, "No." This response directly contradicts his simultaneously submitted, verified statement form on which he indicates that no administrative remedies are available to him at the jail, either because the jail has no such procedure or the issue is nongrievable. However, his submissions as a whole support his statement on the complaint form that he had not filed any grievances when he filed the lawsuit.

Indeed, Reaves has submitted a copy of the jail's detailed, written grievance procedure. It includes three steps: (1) a written informal request form, (2) a grievance form submitted to the shift commander, and then (3) an appeal to Assistant Superintendent, who either submits a personal response to the grievance or assigns it for review by an appeal panel. Other submissions clearly indicate that Reaves had not utilized all levels of this grievance procedure before he submitted his § 1983 complaint to the court. At the most, he had filed some inmate request forms, which implicate only the first stage of the available grievance procedure at the NRVRJ. Although directed to submit documentation demonstrating exhaustion of the grievance procedure, Reaves has not submitted copies of any grievances or appeals that he has filed. Nor has he submitted any allegation or evidence that the grievance procedures have been unavailable to him for any reason. Thus, from Reaves' submissions, collectively, the court is satisfied that he did not exhaust available administrative remedies at the jail as required under § 1997e(a) before filing this action. Therefore, the court will summarily dismiss the action without prejudice.

In any event, the allegations Reaves raises in the amended complaint do not give rise to any claim actionable under § 1983. To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The fact that Reaves does not have the same living conditions and privileges as an inmate housed at a VDOC prison facility does not violate any constitutionally protected right. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983) (finding that inmates have no constitutional right to be housed in any particular prison or jail within the state where they are convicted); Strickler v. Waters, 989 F.2d 1375, 1389 (4th Cir.1993) (finding no equal protection

violation where inmate with sentence to serve in state prison facility spent long period in local jail with less favorable conditions, specifically, overcrowding, inadequate exercise facilities, poor climatological conditions, and an inadequate library with restricted access). He also fails to allege facts stating any claim that jail conditions are themselves unconstitutional, Strickler, 989 F.2d at 1381 (requiring showing of serious or significant physical or mental injury resulting from challenged prison condition), or that the absence of education programs or substance abuse treatment at the jail violates his constitutional rights. See Bowring v. Godwin, 551 F.2d 44, 48 n. 2 (4th Cir. 1977) (finding that rehabilitation programs for inmates are not constitutionally mandated).

Reaves' religious claims currently fail to satisfy the applicable constitutional standard, because jail officials have offered security reasons that he may not possess the hard-bound copy of the Quran that he first requested. See O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987) (finding that regulations restricting prisoner's desire to practice religion are lawful if reasonably related to a legitimate penological interest). Moreover, this religious claim appears to have been resolved, inasmuch as jail officials' responses to inmate request forms indicate that Reaves will be allowed to have a soft-backed Quran sent from home.

### B. Other Motions

As stated, the court has considered all of Reaves' submissions in reaching its decision. Therefore, to the extent that these submissions seek to supplement the record of the case, they will be construed and granted as motions to amend. However, to the extent that these motions seek to

add new claims and new defendants, they must be denied. Reaves cannot add claims and defendants to a case which was wrongfully filed before he had exhausted his administrative remedies.[1]

For the same reason, his motion for extension must be denied. He seeks additional time to complete additional copies of his complaint for the defendants, and this request is now moot, since the case will be dismissed.

Finally, Reaves' "motion for transfer" (ECF No. 14) which the court construes as a motion for interlocutory injunctive relief, must be denied. Reaves complains that the housing unit to which he was transferred on February 11, 2011 has large cracks in the floor. He asserts that these cracks, along with the common knowledge that the jail was built on a landfill, support a finding that the building itself is unsafe and that the court must order the defendant to transfer him immediately to a VDOC facility. Reaves offers no evidence that he has exhausted all levels of the grievance procedure as to this claim. Therefore, he is barred under § 1997e(a) from bringing a federal lawsuit about the issue.

Moreover, because the subject matter on which Reaves seeks interlocutory injunctive relief is not related to the claims in his amended complaint, his motion is not well taken. See Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997) (stating movant must establish a relationship between the imminent injury claimed in the motion for interlocutory relief and the conduct giving rise to his compliant). Finally, his mere speculation that the building is unsafe constitutes nothing more than a "possibility" of irreparable harm from his being housed there, which is insufficient to

---

[1] Reaves is also advised that should he choose to bring a new civil rights complaint after exhausting his administrative remedies at the jail, he must present his claims in one unified complaint that names all defendants and clearly states all claims and factual allegations in support. See Fed. R. Civ. P. 10. The piecemeal manner in which Reaves has submitted information in this current case is not acceptable under the Federal Rules of Civil Procedure.

satisfy the required showing that imminent and irreparable harm is "likely" in the absence of the requested relief. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, ___, 129 S. Ct. 365, 374 (2008). Therefore, Reaves' motion for interlocutory relief must be denied.

### III

For the stated reasons, the court concludes that this action must be summarily dismissed without prejudice, pursuant to § 1997e(a), because it is clear from Reaves' submissions that he failed to exhaust administrative remedies as to any and all of his claims before filing his complaint. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 29th day of March, 2011.

_____
Chief United States District Judge